UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE                                                                               6500 CHERRYWOOD LANE
UNITED STATES DISTRICT JUDGE                                                    GREENBELT, MARYLAND 20770
                                                                                                                           301-344-0632

## MEMORANDUM ORDER

TO:         Counsel for Plaintiff and Defendant Prince George's County

FROM:   Judge Peter J. Messitte

RE:         Evidence of past and future economic damages and attorneys' fees and costs
               McMurray v. Tallant, et al.
               Civil No. PJM 20-cv-919

DATE:    March 26, 2024

****

This case now moves to the economic damages and attorneys' fees and costs phases.

As the Court indicated to Counsel at the end of the jury trial, it adopts the jury's finding as to the liability of Prince George's County as its own. Some measure of economic damages and attorneys' fees and costs is definitely in order.

There are many potential variables here, so the Court offers some direction to Counsel; especially as to evidence of future damages and attorneys' fees and costs.

(1) Assume Ms. McMurray would spend her entire career with the Prince George's County Police Department, i.e., that she would spend a certain number of years there.

(2) Any calculation of future lost benefits would have to be reduced to present value, taking into account inflation.

(3) Generally, the calculation should address lost wages; lost benefits such as health insurance; lost pension benefits (following Plaintiff's retirement at a normal age); lost overtime opportunities; and any other monetary benefits that might be claimed.

(4) As for lost wages, etc., please address the reasonable possibility (based on historical experience) of wage increase for a position, whether as corporal, sergeant, lieutenant, or other position.

(5) As for the rank that Ms. McMurray might hold in the future: Both sides are, of course, free to offer evidence as to any scenario they might wish to, but the Court is particularly interested in evidence with respect to two scenarios:

    a. One that assumes Ms. McMurray remains a corporal for her entire career; and

    b. One that assumes that, at reasonable intervals, she attains the rank of sergeant and lieutenant up to the point of normal retirement.

(6) Again, the parties may submit evidence as to any scenario they may wish to. The reason the Court makes these particular requests is that any singular presentation by Ms. McMurray that assumes she attains the highest rank possible (e.g., major or captain) will make it very difficult for the Court to make a finding as to damages if she attains a rank less than that, which means the Court would have to send the matter back to the parties' experts for further calculations based on the Court's ultimate findings. In order to avoid that situation and the delay it might entail, the Court hopes to be able, if possible, to decide the matter at one sitting rather than in extended sittings.

(7) But again: The parties may submit any scenarios they might wish to. Counsel will, of course, be able to challenge any or all proposed scenarios.

(8) The Court will set the hearing on economic damages and attorneys' fees and costs in the next several days, after Counsel have had an opportunity to consider this Memorandum Order and consult. But, here, too, the Court disagrees with Counsel's estimate of trial time. Given the issues and the number of witnesses contemplated, the Court sees these phases as almost certainly a 5-day trial.

(9) But in any event, in order to make the hearing more comprehensible — once the date is set — Counsel should be prepared to submit their proposed scenarios to opposing Counsel sufficiently in advance so that opposing Counsel can determine any challenges to the given scenarios they wish to make.

Counsel need agree on what the timetable for all these submissions should be and advise the Court.

10) Plaintiff's attorneys' fees and costs will require a separate filing. Some award will certainly be available in as much as Plaintiff is the prevailing party. Clearly, additional fees and costs over and above what they will be for services and costs through trial will be awarded during the economic damages phase itself; but in order to deal with that matter, at the time of the hearing on economic damages, Plaintiff's Counsel should submit their fee/cost petition (with time sheets to the extent possible) in advance of the hearing. A supplement to the fee/cost petition can be submitted at the end of that hearing.

Here, too, there should be time for Defendant to respond to the petition.

11) Counsel may also wish to submit <u>pre</u>-hearing briefs to the Court on both economic damages and attorneys' fees and costs. These should be received in Court no later than five (5) days before the hearing.

12) With all respect to Counsel, the foregoing considerations plus the Court's own commitments make a trial in the next several months impossible. As of now, the Court is looking at July or August for the 5-day trial.

13) Although Counsel have noted a preliminary list of witnesses, each side should indicate, again at least five (5) days before the hearing, the names and testimony time of witnesses they finally propose to call. The parties should also indicate what exhibits they will be offering and stipulate authenticity, as much as possible.

14) The Court may in fact decide to set a separate pre-hearing conference, after the fashion of the pre-trial conferences contemplated in the Local Rules of Procedure.

15) This sets forth the Court's view of what needs to be done at this juncture. Counsel, of course, may address any questions or concerns to the Court about this, which they should do in writing in the next ten (10) days.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and Clerk is directed to docket it accordingly.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

cc:   Court File
      Counsel for Defendant Tallant