UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

KARA LYNN McMURRAY,

Plaintiff,

v.

RICHARD JOHN TALLANT and
PRINCE GEORGE'S COUNTY,
MARYLAND,

Defendants.

Civil Action No. 20-0919-TDC

MEMORANDUM OPINION

After the Court ordered final judgment in this case, Plaintiff Kara Lynn McMurray filed a Rule 70 Motion for Full Satisfaction of Judgment ("the Rule 70 Motion") and a Rule 60 Motion to Correct a Mistake in Judgment ("the Rule 60 Motion"), which are fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motions will be DENIED.

BACKGROUND

McMurray, a former police officer of the Prince George's County Police Department ("PGCPD"), filed this action against Defendants Richard John Tallant and Prince George's County, Maryland ("the County") arising from a February 10, 2017 sexual assault of McMurray by Tallant, who was then a PGCPD lieutenant and McMurray's supervisor, and subsequent retaliation against McMurray within PGCPD after the assault was disclosed to the PGCPD Internal Affairs Division in April 2019. The case proceeded to trial, and on March 20, 2024, the jury found the County liable pursuant to 42 U.S.C. § 1983 ("§ 1983") for a violation of McMurray's rights under the First Amendment to the United States Constitution, based on the failure to supervise and

discipline officers who retaliated against McMurray and deliberate indifference to the application of a PGCPD custom and practice of blackballing officers who report misconduct, and for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, by subjecting McMurray to a hostile work environment based on sex and by engaging in unlawful retaliation. The jury found Tallant liable pursuant to § 1983 for violating McMurray's rights under the Fourteenth Amendment to equal protection of the law based on sex discrimination and due process of law based on the deprivation of her liberty during the assault, as well as for the common law torts of battery and false imprisonment. The jury awarded McMurray $185,000 in compensatory damages from Tallant and $200,000 in compensatory damages from the County. Beginning on December 10, 2024, the Court (Messitte, J.) conducted a two-day bench trial on the issue of economic damages. On May 23, 2025, this Court issued findings of fact and conclusions of law on economic damages.

On June 17, 2025, the Court entered final judgment in favor of McMurray against Tallant on the § 1983, battery, and false imprisonment counts, and against the County on the § 1983, Title VII hostile work environment, and Title VII retaliation counts. The Court awarded McMurray a total of $2,247,218 in damages: in addition to the compensatory damages awarded by the jury, the Court awarded $1,862,218 in economic damages from the County as to the two Title VII counts, which consisted of $154,098 in back pay and $1,708,120 in front pay. Rather than pay the full amount, however, the County withheld $71,084.15 from the back pay award and $821,263.67 from the front pay award based on its conclusion, which McMurray contests, that it was required to withhold those amounts as federal and state taxes owed on the back pay and front pay.

## DISCUSSION

### I.   Rule 70 Motion

In the Rule 70 Motion, McMurray seeks to enforce the judgment by requesting that the Court order the County to pay her the full amount of the back pay and front pay awards. Under Federal Rule of Civil Procedure 70, "[i]f a judgment requires a party . . . to perform any . . . specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court." Fed. R. Civ. P. 70(a). Specifically, McMurray argues that the County improperly withheld amounts for tax purposes from the awards of back pay and front pay because such awards fall within an exclusion in the Internal Revenue Code for damages received on account of personal physical injuries and are thus not taxable income.

For federal income tax purposes, a taxpayer's "taxable income" consists of "gross income" minus deductions authorized in the Internal Revenue Code. *See* 26 U.S.C. § 63(a). The term "gross income" is defined as "all income from whatever source derived," except "as otherwise provided" in the Internal Revenue Code. *Id.* § 61(a). As relevant here, "gross income does not include . . . the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness." *Id.* § 104(a)(2). The § 104(a)(2) exclusion, like all exclusions from taxable income, "must be narrowly construed." *Comm'r v. Schleier*, 515 U.S. 323, 328 (1995).

In 1995, the United States Supreme Court set forth a two-part test for determining whether a given damages award falls within the § 104(a)(2) exclusion. First, the taxpayer must show that "the underlying cause of action giving rise to the recovery is based upon tort or tort type rights." *Id.* at 337. Second, consistent with the specific language of § 104(a)(2) at that time, the taxpayer

3

must show that "the damages were received 'on account of personal injuries or sickness.'" *Id.* (quoting 26 U.S.C. § 104(a)(2) (1994)). In 1996, Congress amended the exclusion to make it applicable only to damages received "on account of personal physical injuries or physical sickness," 26 U.S.C. § 104(a)(2), but the two-part test otherwise remains the same. *See Murphy v. IRS*, 493 F.3d 170, 174–76 (D.C. Cir. 2007).

As to the first prong, the underlying cause of action, whether Title VII or § 1983, can fairly be construed as one "based upon tort or tort type rights." *Schleier*, 515 U.S. at 337. In *Schleier*, the Supreme Court stated that the "primary characteristic of an action based upon . . . tort type rights" is "the availability of compensatory remedies." *Id.* at 335. As amended in 1991, Title VII provides for compensatory damages in that certain plaintiffs may recover damages "for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses" from defendants "who engaged in unlawful intentional discrimination" against them. 42 U.S.C. § 1981a(a)(1), (b)(3). Thus, while the Supreme Court has previously held that claims under the pre-1991 version of Title VII did not necessarily involve a "tort-like 'personal injury' for purposes of federal income tax law" because that version of Title VII "limit[ed] available remedies to backpay, injunctions, and other equitable relief," *United States v. Burke*, 504 U.S. 229, 238 (1992), the present version of Title VII likely meets this requirement. *See Schleier*, 515 U.S. at 335–36 (in concluding that a recovery under the Age Discrimination in Employment Act was not "based upon tort or tort type rights," concluding that the available remedies were comparable to those of the pre-1991 version of Title VII, but not the post-1991 version of Title VII); *see also Hemelt v. United States*, 122 F.3d 204, 208 (4th Cir. 1997) (in discussing the Employment Retirement Income Security Act ("ERISA"), stating that the "touchstone for whether a cause of action is tort-like is the availability of compensation for the

4

traditional harms associated with personal injury, such as pain and suffering, emotional distress, harm to reputation, or other consequential damages").

However, even assuming that the first prong is satisfied, McMurray's claim fails as to the second prong, whether the awards of back pay and front pay were received "on account of personal physical injuries." 26 U.S.C. § 104(a)(2); *see Schleier*, 515 U.S. at 337. McMurray argues that this requirement is satisfied because the sexual assault by Tallant was a personal physical injury, it was "the primary motivating factor for the hostility, harassment and retaliation" she experienced at PGCPD, and "the connection between the sexual assault and McMurry's loss of her police career is a very close and strong one." Rule 70 Mot. at 9, ECF No. 310-1. In her reply brief, McMurray recounts the sequence of events connecting the sexual assault to the harassment and retaliation and then states that the back pay and front pay awards fall within the § 104(a)(2) exclusion because "the sexual assault was a but-for cause of the constructive discharge" she experienced. Reply at 6, ECF No. 320. The Supreme Court, however, has concluded that the phrase "on account of" in § 104(a)(2) requires "a stronger causal connection" than "but-for" causation. *O'Gilvie v. United States*, 519 U.S. 79, 82–83 (1996). Instead, the exclusion is "applicable only to those personal injury lawsuit damages that were awarded by reason of, or because of, the personal injuries." *Id.* at 83.

Here, while the Court agrees with McMurray that the sexual assault by Tallant was a but-for cause of all of the damages awarded in this case, the Court cannot conclude that the back pay and front pay awards were "awarded by reason of, or because of" the physical injuries she sustained from the assault. *Id.* Where in *O'Gilvie*, the Court noted that "pain and suffering damages, medical expenses, and lost wages in an ordinary tort case are covered by the statute and hence excluded from income," *id.* at 84, the compensatory damages awarded by the jury in the

5

present case meet this standard. Lost wages associated with time missed because of the need to recover from physical or emotional injuries resulting from the assault would also be covered. *See id.* The back pay and front pay awards against the County, however, were several steps removed from the physical injuries arising from the assault. The evidence did not show that the physical injuries and even the emotional injuries that resulted from the assault prevented McMurray from continuing to work at PGCPD, and in fact she did return to work shortly after the assault. The back pay and front pay awards were based on the hostile work environment and retaliatory conduct perpetrated by PGCPD personnel, including blackballing McMurray and failing to provide backup to her, and, as necessary to establish liability, the County's knowledge of the conduct and failure to stop it, all of which made it impossible for her to continue working there. Notably, the County's misconduct did not begin until the assault was reported internally in April 2019, more than two years after the assault occurred. Under these circumstances, and where but-for causation is insufficient to satisfy the second prong of § 104(a)(2), the Court cannot conclude that the back pay and front pay awards should be excluded from gross income under that provision.

This conclusion is consistent with those in other cases in which damages awards intended to compensate for economic or nonphysical injuries in discrimination cases were deemed not to be awarded "on account of" physical injuries, even if physical injuries were also present to varying degrees. *See, e.g., Johnson v. United States*, 76 F. App'x 873, 876–77 (10th Cir. 2003) (holding that awards of back pay and front pay in an Americans with Disabilities Act case were not excludable from taxable income under § 104(a)(2) because the lost income was caused by unlawful discrimination, despite the fact that the discrimination traced back to a physical injury sustained at work which the plaintiff's employer failed to accommodate and which eventually resulted in the plaintiff's termination); *Murphy*, 493 F.3d at 175 (holding that an award in an administrative

proceeding in which an employee had alleged discrimination and retaliation in violation of whistleblower protections was not excludable under § 104(a)(2) because the agency "expressly awarded[] compensatory damages because of [the employee's] nonphysical injuries"); *Rivera v. Baker W., Inc.*, 430 F.3d 1253, 1257–58 (9th Cir. 2005) (holding that a settlement payment in a Title VII action was not excludable under § 104(a)(2) because there was no "direct causal link" between the damages and "personal injuries sustained," and it was intended as back pay rather than as compensation for personal injuries). The Court therefore finds that the back pay and front pay awards are not excludable from McMurray's gross income under § 104(a)(2).

McMurray's additional argument that the County lacked the authority to withhold portions of the awards without her consent or express authorization from the Court also fails. Under the Internal Revenue Code, the County was required to withhold taxes from "wages," *see* 26 U.S.C. § 3402(a), which the Code defines as "all remuneration . . . for services performed by an employee for his employer," *id.* § 3401(a). Maryland law similarly requires employers to withhold state taxes from wages. *See* Md. Code Regs. 03.04.01.01(A)(1). The awards of back pay and front pay are "wages" because they are meant to compensate McMurray for services she would have performed for the County had she not been subjected to the unlawful harassment and retaliation. *See Burke*, 504 U.S. at 239; *Noel v. N.Y. State Off. of Mental Health Cent. N.Y. Psychiatric Ctr.*, 697 F.3d 209, 213 (2d Cir. 2012) (concluding that Title VII back pay and front pay are wages for purposes of tax withholding); *Rivera*, 430 F.3d at 1258 (same); *Hemelt*, 122 F.3d at 209–10 (same, as applied to ERISA settlement payments meant to compensate for lost wages). Because the awards are wages, and because they are not excludable under § 104(a)(2), the County properly withheld portions of the back pay and front pay awards.

## II.    Rule 60 Motion

Under Rule 60, the court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).  A court may also grant relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  In her Rule 60 Motion, McMurray argues that the Court mistakenly failed to award economic damages as to the § 1983 claim against the County.  Relatedly, in her Rule 70 Motion, McMurray asserts that her § 1983 claim against the County qualifies as a tort-like action for purposes of the § 104(a)(2) exclusion, but that the Court did not award damages for her § 1983 claim in an apparent "oversight."  Rule 70 Mot. at 7.

The Court finds no basis to amend the judgment to award economic damages on the § 1983 claim.  In her briefs on economic damages, McMurray sought front pay and back pay only in the context of Title VII, not § 1983.  *See* Pl.'s Pre-Trial Mem. at 1, ECF No. 225; Pl.'s Am. Pre-Trial Mem. at 1, ECF No. 227; Pl.'s Post-Trial Mem. at 2–3, ECF No. 243.  In turn, the Court's May 23, 2025 Memorandum Opinion extensively discussed front pay and back pay in the context of the Title VII claims, not the § 1983 claim, and concluded by stating that "[f]or the foregoing reasons, the Court will award back pay and front pay to McMurray." *See* Mem. Op. at 20–28, ECF No. 258. The Court thus does not find that there was any mistake in relation to the judgment.

To the extent that McMurray seeks reconsideration to amend the judgment in order to provide an alternative basis to satisfy the § 104(a)(2) exclusion and avoid taxation of her awards of back pay and front pay, the Court declines to do so because based on the Court's analysis as discussed above, any award of back pay and front pay based on the § 1983 claims would be taxable for the same reason that the Title VII awards are taxable. *See supra* part I.  Although the § 1983 claim likely meets the requirement of a cause of action "based upon tort or tort type rights,"

8

*Schleier*, 515 U.S. at 337, it would not satisfy the second prong of the test for the § 104(a)(2) exclusion. As with the Title VII claim, although the physical assault by Tallant was a but-for cause of damages underlying the § 1983 First Amendment claim, any back pay and front pay awards would be based on the discriminatory and retaliatory conduct perpetrated after the assault was reported almost two years later, consisting of the PGCPD custom and practice of blackballing officers who report misconduct, and the County's deliberate indifference to that practice and its failure to supervise and discipline officers who engaged in it. Because these awards are not fairly deemed to be "awarded by reason of, or because of," the physical injuries, any amendment of the judgment would not alter the result. *O'Gilvie*, 519 U.S. at 83. The Rule 60 Motion will therefore be denied.

Because McMurray has not prevailed on the Motions, the Court will not award attorney's fees and costs to McMurray in relation to the Motions.

## CONCLUSION

Accordingly, it is hereby ORDERED that the Rule 70 Motion and the Rule 60 Motion will be DENIED. A separate Order shall issue.

Date: March 6, 2026

THEODORE D. CHUANG
United States District Judge

9